In re ESTATE OF RAYMOND SWANSON, Deceased.—(PAUL SWANSON, Appellant, v. GLEN SWANSON et al., Appellees.)

Third District    No. 81-322

━━━

Opinion filed December 7, 1981.

Matthew A. Maloney, of Princeton, for appellant.

Daniel K. Russell, of Johnson, Martin & Russell, of Princeton, for appellees.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by Paul Swanson, son of the decedent, from the trial court's denial of his motion to set aside final report and order of discharge in the Raymond Swanson estate proceeding. Paul Swanson argues that the special administrator of the estate did not fully complete his duties in that certain items of personal property were not included in the distribution of the estate. He argues that the court erred in denying his motion without holding a hearing on his objections to the final report. We affirm.

The pertinent facts on this appeal are that Raymond Swanson died in 1979, leaving two sons (Paul and Glen) and a widow, Martha. By Raymond Swanson's will, his entire estate, consisting of approximately $50,000, was left equally to his two sons. Honoring her husband's expressed wishes, Martha Swanson refused to renounce the will and take her statutory share. Paul Swanson was appointed executor of the estate of his father. During the course of administration, certain disputes over personal property and reimbursements to Martha developed between the survivors. Due to these disputes, the settlement and closing of the estate was postponed. Finally, in an effort to resolve the disputes, a special administrator was appointed by the court, with the approval of all parties.

Attorney Richard Hornbaker was the person appointed special administrator; and he investigated the disputes, making recommendations to the court and preparing a final account and report. His proposed final accounting was filed with the court on January 8, 1981, with notice and copies sent to the parties. A hearing on the proposed final account was held on January 21, 1981. The parties were all present that day, personally and with their attorneys. Special administrator Hornbaker was also present, and he orally reported on the disputes, his analysis of the law and his conclusions and recommendations. After his presentation, counsel for Paul Swanson indicated his client's objections to the final distribution set forth in the special administrator's report. The trial judge then indicated his willingness to hear testimony on the objections, unless they could be settled by stipulation among the parties. Paul Swanson, through his

attorney, then indicated that he was specially interested in three items of personalty, for sentimental reasons. Those items were a ring with a red stone, a writing desk, and a rifle. The total value of the items was approximately $75. In response, the attorney for Martha and Glen Swanson stated that he had conferred with them and they were willing to allow Paul Swanson to have those items, provided that he pick them up before 3 p.m. at Martha's on that day, and provided:

> "* * * there are no other objections to the current account by Paul and that this thing can be resolved as is. That the reimbursements and recommendations that were made by Mr. Hornbaker will go as they are written."

This settlement offer made by the attorney for Martha and Glen Swanson was immediately accepted by Paul Swanson, through his attorney.

> "Rayfield: Thats acceptable to Mr. Swanson, Your Honor. We would waive all objections that we have to the account of Mr. Hornbaker if those three items were made available for pickup to 3:00 o'clock today.

> Court: Alright. You prepare an order for those three items only and I'll approve the report."

An order reciting the settlement agreement of the parties and approving the final account, as presented, was entered by the trial judge on that same date, being January 21, 1981. It was initialed by the attorneys for the parties. Subsequent thereto, special administrator Hornbaker presented his final report to the court, showing a distribution of the estate assets, as per the January 21 settlement agreement and report. The following day, being March 18, 1981, the court entered an order of discharge as to special administrator Hornbaker.

On April 8, 1981, Paul Swanson, through a different attorney, filed his motion to set aside final report and order of discharge, in which he alleged that all matters in controversy had not been resolved. A hearing on that motion was held and the motion was denied on April 22, 1981. From the denial of that motion, Paul Swanson now appeals.

On appeal, he argues that the court erred in denying his motion, and he argues that he should have been allowed to present evidence, at a hearing, concerning his objections to the final report. We disagree.

The matters in controversy, concerning the final report and distribution, had been settled by the parties on January 21, 1981. Appellant's motion to set aside makes no allegation that the distribution was not carried out pursuant to the settlement agreement and order of that date. Paul Swanson, prior to January 21, 1981, was given notice that the special administrator's account would be called for hearing. All parties, with their attorneys, were present in court on the day of hearing. Furthermore, on that date Paul Swanson, Martha Swanson, and Glen Swanson entered into

a settlement agreement in open court with respect to their disagreements as to the estate distribution. By the terms of the agreement, fully assented to by Paul Swanson, he waived all objections to the final report of the special administrator, as submitted. In return for his waiver of objections, he was permitted to obtain three items of personal property which he had indicated that he wanted. In summary, there was a settlement, by agreement of the parties, of matters in controversy concerning the final report. An order reciting the settlement was entered and the final report, as submitted, was approved, pursuant to that settlement agreement. Paul Swanson's subsequent attempt to set aside the final report, which indicated distribution pursuant to the January 21 order and agreement, is binding on the parties.

As noted in *In re Estate of Moss* (1969), 109 Ill. App. 2d 185, 192, 248 N.E.2d 513:

"The reviewing courts of this state have consistently held that stipulations by parties or their attorneys affecting the conduct of suits will be enforced, unless there is proper showing that any stipulation is unreasonable, violative of public morals or the result of fraud. * * *. Stipulations are looked upon with favor by the courts, since they tend to promote disposition of cases, simplification of issues and the saving of expense·to litigants. The ends of justice are furthered by stipulations of settlement and the reluctance of courts to vitiate such agreements is well founded in fundamental logic."

This court also noted, in *Ham v. Marshall* (1964), 46 Ill. App. 2d 92, 96, 196 N.E.2d 377:

"Settlements are favored by the courts as a means of discouraging needless litigation. And family settlements are especially favored on grounds of public policy upholding the honor and peace of families."

Such settlement agreements are enforced by the courts and act as a bar to subsequent attempts to litigate matter covered by such agreements. *In re Estate of Moss* (1969), 109 Ill. App. 2d 185, 248 N.E.2d 513; *Ham v. Marshall* (1964), 46 Ill. App. 2d 92, 196 N.E.2d 377.

In the case at bar there was no allegation by Paul Swanson that the agreement settling controversies and approving the final report was unreasonable or fraudulent. Neither is their allegation that the settlement agreement was not complied with by the other parties. His motion to set aside the final report was an attempt to resurrect controversies which had been settled by the parties, with court approval, on January 21, 1981. Nor does the subsequent court action affect this conclusion. It is from the approval of the report that appellant sought relief in this motion to set aside the final report. While it is true that the final report showing

distribution was not filed until March 18, 1981, the distribution shown was fully consistent with the approved, and agreed to, final report of January 21, 1981. The basis of the motion to set aside the final report was the allegation that all matters in controversy had not been resolved. Yet, by settlement agreement of January 21, 1981, those matters were resolved, as stipulated to and as approved.

The decision of the Circuit Court of Bureau County, denying appellant's motion to set aside the final report and order of discharge, is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.